UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

UNITED STATES OF AMERICA,

          Plaintiff,

vs.

          Case No. 06-CR-00273

          HON. GEORGE CARAM STEEH

LORD SHAWN RUSSELL,

          Defendant.

_____/

## ORDER DENYING DEFENDANT'S MOTION FOR RETURN OF PROPERTY

Now before the court is defendant Lord Shawn Russell's motion for return of property. Russell is currently a prisoner at the U.S. Penitentiary at Terre Haute, Indiana. He was convicted of maintaining a drug house and three counts of using a firearm during a drug trafficking offense. The indictment arose of an incident where defendant's drug stash house was robbed prompting him to fire a semiautomatic pistol indiscriminately into his own crowded apartment complex. Following his conviction by a jury, this court sentenced Russell to 684 months imprisonment.

Russell alleges that from October 11th to 18th, 2007, he was lodged in Newaygo County Jail. When he transferred to Milan Federal Prison, Russell claims the United States Marshals informed him that his personal property had been confiscated and shipped to "Raspberry Bonding Incorporation: 1419 Bradford N.E., Grand Rapids, Michigan 49503." Russell claims he lost transcripts of the grand jury minutes and bond hearing, photos- both personal and evidentiary, documents and letters of interest; and

eyeglasses, cosmetics and books.  Russell claims that he had not received any receipt nor confirmation acknowledging receipt of the property that he seeks to recover.

The government has responded to the motion.  In their response, the government avers that prior to transferring Russell to Milan on October 17, 2007, federal Marshals asked Russell where he would like his personal property sent.  Russell told the Marshal to deliver his belongings to Rene Raspberry at 1419 Bradford N.E., Grand Rapids, MI 49503.  The Marshal did in fact deliver certain belongings of Russell to Raspberry via Federal Express on October 22, 2007.  The government has submitted a copy of the Federal Express Airbill showing that the effects were in fact sent to Raspberry.  The government further maintains that other items, including books, legal and personal papers, and photographs were sent with Russell to Milan.  In support of this claim, the government has submitted documentation showing that the documents were in fact sent.

Federal Rule of Criminal Procedure 41(g) provides that a person deprived of property may move for its return in the district where the property was seized.  Rule 41(g) provides for return of property in the government's possession.  United States v. Stevens, 500 F.3d 625, 628 (7th Cir. 2007).  In Stevens, the court found that a question of fact existed as to whether the property was still in the possession of the government.  Thus, the Seventh Circuit reversed the district court's dismissal of the Rule 41(g) motion and remanded for the court to consider evidence, such as affidavits or documents tracing the chain of custody.  No hearing was required.

In this case, the government has come forward with documentation showing that it no longer possesses the property of the prisoner.  Since the government is no longer

in possession of defendant's effects, his motion for the return of property hereby is

DENIED.

    SO ORDERED.

Dated:  March 20, 2008

                                      S/George Caram Steeh
                                      GEORGE CARAM STEEH
                                      UNITED STATES DISTRICT JUDGE

---

CERTIFICATE OF SERVICE

Copies of this Order were served upon attorneys of record on
March 20, 2008, by electronic and/or ordinary mail.

S/Josephine Chaffee
Deputy Clerk