UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

UNITED STATES OF AMERICA,

         Plaintiff,

vs.

         Case No. 06-CR-00273

         HON. GEORGE CARAM STEEH

LORD SHAWN RUSSELL,

         Defendant.

_____/

## ORDER DENYING DEFENDANT'S MOTION FOR RECONSIDERATION

Now before the Court is defendant Lord Shawn Russell's motion for reconsideration of this Court's order denying his motion for return of property. The motion is untimely but the Court has considered it on the merits as Russell contends his delay was due to the loss of his eyeglasses.

Russell is currently a prisoner at the U.S. Penitentiary at Terre Haute, Indiana. He was convicted of maintaining a drug house and three counts of using a firearm during a drug trafficking offense. The indictment arose of an incident where defendant's drug stash house was robbed prompting him to fire a semiautomatic pistol indiscriminately into his own crowded apartment complex. Following his conviction by a jury, this Court sentenced Russell to 684 months imprisonment.

In his original motion for return of property, Russell alleges that when he was transferred from Newaygo County Jail to Milan Federal Prison, the United States Marshals informed him that his personal property had been confiscated and shipped to

"Raspberry Bonding Incorporation: 1419 Bradford N.E., Grand Rapids, Michigan 49503." The government responded to his initial motion for return of property. In its response, the government represented that prior to transferring Russell to Milan on October 17, 2007, federal Marshals asked Russell where he would like his personal property sent. According to the government, Russell allegedly told the Marshal to deliver his belongings to Rick and Rene Raspberry Bonding Company at 1419 Bradford N.E., Grand Rapids, MI 49503. The government has submitted a copy of the Federal Express Airbill showing that the effects were in fact sent to Raspberry on October 22, 2007. The government further maintains that other items, including books, legal and personal papers, and photographs were sent with Russell to Milan. In support of this claim, the government has submitted documentation showing that the documents were in fact sent. In this Court's order denying Russell's motion for return of property, the Court found that the government was no longer in possession of the prisoner's property and thus, could not be ordered to return it.

Russell now disputes that he told the government that he wanted his personal property sent to Rick and Rene Raspberry and claims that the Marshal unilaterally decided to send his property there based on the fact that he had some correspondence with that bonding company in his possession. This is the basis for his motion for reconsideration. The standard for granting a motion for reconsideration is set forth at Local Rule 7.1(g)(3) which provides:

> Generally, and without restricting the court's discretion, the court will not grant motions for rehearing or reconsideration that merely present the same issued ruled upon by the court, either expressly or by reasonable implication. The movant must not only demonstrate a palpable defect by which the court and the parties have been misled but also show that

correcting the defect will result in a different disposition of the case.

Id.

Federal Rule of Criminal Procedure 41(g) provides for return of property in the government's possession.  United States v. Stevens, 500 F.3d 625, 628 (7th Cir. 2007).  In Stevens, the court found that a question of fact existed as to whether the property was still in the possession of the government.  Thus, the Seventh Circuit reversed the district court's dismissal of the Rule 41(g) motion and remanded for the court to consider evidence, such as affidavits or documents tracing the chain of custody.  No hearing was required.

In this case, the government has come forward with documentation showing that it no longer possesses the property of the prisoner.  Even taking as true, Russell's allegation that he did not want his property shipped to Raspberry, the fact remains that the government is no longer in possession of defendant's effects.  Moreover, Russell does not dispute that at the time of his transfer, he had been in communication with Raspberry and had correspondence in his possession with Raspberry.  Since Russell has come forward with no evidence to suggest that his property is still in possession of the government, he has failed to show a palpable defect by which the Court has been misled or that a different disposition must result.  Accordingly, Russell's motion for reconsideration (Doc. 86) hereby is DENIED.

SO ORDERED.

Dated: August 15, 2008

> S/George Caram Steeh
> GEORGE CARAM STEEH
> UNITED STATES DISTRICT JUDGE

CERTIFICATE OF SERVICE

Copies of this Order were served upon attorneys of record on
August 15, 2008, by electronic and/or ordinary mail.

S/Josephine Chaffee
Deputy Clerk